**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Mona Amini, Esq. (SBN: 296829)
mona@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

*Attorneys for Plaintiff*,
Anastasia Bejune

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANASTASIA BEJUNE; INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**SANTANDER CONSUMER USA, INC.,**<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1) **VIOLATION OF THE CONSUMERS LEGAL REMEDIES ACT (CAL. CIVIL CODE §§ 1750, ET SEQ.);**<br>2) **CALIFORNIA'S UNFAIR COMPETITION LAW (BUS. & PROF. CODE §§ 17200, ET SEQ.)**<br>3) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (CAL. CIV. CODE §§ 1788, ET SEQ.)**<br><br>**JURY TRIAL DEMANDED** |

//
//

# INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. Plaintiff ANASTASIA BEJUNE ("Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of SANTANDER CONSUMER USA, INC., ("Defendant" or "Santander") in unlawfully charging Plaintiff a fee each time Plaintiff made a payment for Plaintiff's auto loan and failing to disclose to Plaintiff all available payment methods, along with any fees associated with those methods.

3. This unlawful and deceptive business practice constitutes violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, et seq.; (2) California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, et seq.; and (3) California's Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §§ 1788.17, et seq. This conduct caused damages to Plaintiff and others similarly situated, and requires restitution and injunctive relief to remedy and prevent further harm.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiff alleges that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violations.

7. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds the sum or value of $5,000,000 as to all putative Class members, exclusive of attorney's fees and costs. 28 U.S.C. §§ 1332(d), 1453, and 1711-1715.

9. This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332 in that Plaintiff is a resident and citizen of the State of California while Defendant is a corporation incorporated under the laws of the State of Illinois with a principal place of business in Dallas, Texas.

10. Because Defendant conducts business in the State of California, personal jurisdiction is established.

11. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the city County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) many of the acts and transactions giving rise to this action occurred in this district because Defendant:

   (a) is authorized to conduct business in this district and has

intentionally availed itself of the laws and markets within this district;

(b) does substantial business within this district;

(c) is subject to personal jurisdiction in this district because it has availed itself of the laws and markets within this district; and,

(d) the harm to Plaintiff occurred within this district.

## PARTIES

12. Plaintiff is a natural person residing in the City of Huntington Beach, County of Orange, State of California.

13. Defendant is a corporation that is organized and exists under the laws of the State of Illinois with a principal place of business in the State of Texas.

14. Defendant is a consumer finance company that services loan payments, mainly in vehicle finance and unsecured consumer lending products.

## NATURE OF THE CASE

15. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times relevant, Plaintiff was and is an individual residing within the County of Orange, in the State of California.

17. At all times relevant, Defendant conducted business in the State of California.

18. Plaintiff is a natural person, and is therefore a "person" as that term is defined by California Civil Code § 1788.2(g), from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by Cal. Civil Code § 1788.2(h).

19. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as the term is defined by California

Civil Code § 1788.2(b) and that Defendant is a "debt collector" as that term is defined by Cal. Civ. Code § 1788.2(c).

20. Some time prior to this action, Plaintiff allegedly incurred financial obligations by purchasing a vehicle which was financed by a loan that is serviced by Defendant.

21. These alleged financial obligations were money, property, or their equivalent, alleged to be due or owing from Plaintiff, a natural person, alleged to be due or owed to Defendant that was extended primarily for Plaintiff's personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e). As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f)

22. At all times relevant, Defendant made, and continues to make, affirmative misrepresentations regarding its servicing of loan payments, which deceives consumers into paying unnecessary additional fees when making a payment over the telephone.

23. Specifically, Defendant misrepresented to Plaintiff that Defendant was *required* to charge a fee of $10.95 each time a payment was made over the telephone. Defendant deceived Plaintiff by failing to inform her that the fee was not required, but was an additional and optional charge for an "expedited payment."

24. Although Plaintiff was informed of the fee when Plaintiff made payments, Defendant failed to inform Plaintiff that the fee was for an expedited payment or that it could be avoided. Plaintiff did not request expedited processing when making payments over the telephone.

25. Defendant misrepresented that the fee was a "representative" fee that was charged when customers spoke with a representative of Defendant's to make payments over the telephone.

26. Consumers are particularly vulnerable to these deceptive and fraudulent practices, especially those who do not have reliable access to the Internet or are unable to make payments through a method other than over the telephone. Most consumers possess limited knowledge of the fees that may be charged and how those fees are assessed by companies.

27. Each consumer, including Plaintiff, was exposed to virtually the same material misrepresentations, as the same business practice has been used to extract unnecessary additional fees from consumers attempting to make payments over the telephone throughout the State of California.

28. As a consequence of Defendant's unfair and deceptive practices, Plaintiff and other similarly situated consumers have incurred unnecessary fees in making payments over the telephone under the false impression that Defendant required the fees to make payments.

29. As a result of Defendant's misrepresentations, Defendant has unfairly obtained additional revenue when Plaintiff and other consumers similarly situated paid an unnecessary fee under the false belief that Defendant's fee was required to make a payment over the telephone.

30. As a result of Defendant's false and misleading statements and failure to disclose (or adequately disclose), as well as Defendant's other conduct described herein, Plaintiff and other similarly situated consumers have paid unnecessary fees costing thousands, if not millions, and have suffered, and continue to suffer, injury in fact, including the loss of money and/or property.

31. Defendant's conduct as alleged herein violates several California laws, as more fully set forth herein.

32. This action seeks, among other things, equitable and injunctive relief; restitution of all amounts illegally retained by Defendant; and disgorgement of all ill-gotten profits from Defendant's wrongdoing alleged herein.

## FACTUAL ALLEGATIONS

33. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Defendant manages vehicle loans and other debts, including the collection of loan payments and servicing of accounts.

35. Defendant failed to inform consumers of all the methods of payment allowed and any fees associated with those methods, including the reason for the additional fees.

36. On or about June 1, 2010, Plaintiff began making payments on a car loan serviced by Defendant.

37. Defendant misrepresented to Plaintiff that Defendant was *required* to charge a fee of $10.95 each time a payment was made over the telephone.

38. Defendant failed to adequately disclose the justification for the fee once it had been assessed by listing the fee as "miscellaneous" or "Speedpay Fee" on Plaintiff's payment history.

39. By charging and collecting the "Speedpay Fee," Defendant violated 15 U.S.C. 1692f(1) of the Fair Debt Collection Practices Act ("FDCPA") which prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the principal obligation allegedly owed, unless such amount is expressly authorized by the agreement creating the debt or permitted by law. This section of the FDCPA is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17 of the RFDCPA.

40. Through the above-described conduct, Defendant also violated 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the

collection of Plaintiff's alleged debt. This section of the FDCPA is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17 of the RFDCPA.

41. Through this conduct, Defendant also violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section of the FDCPA is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17 of the RFDCPA.

42. Through this conduct, Defendant violated 15. U.S.C. § 1692e(2)(B) my making a false representation to Plaintiff regarding compensation which may be lawfully received by Defendant for the collection of an alleged debt. This section of the FDCPA is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17 of the RFDCPA.

43. By charging and collecting the abovementioned fee from Plaintiff, Defendant also violated 15 U.S.C. § 1692e(10) of the FDCPA by using false representations and deceptive means in connection with the collection of an alleged debt. This section of the FDCPA is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17. Thus, Defendant has violated Cal. Civ. Code § 1788.17 of the RFDCPA.

44. In making the decision to make a payment that would incur the above-mentioned fee, Plaintiff and similarly situated Class members relied upon Defendant's representation that the fee was *required* for payments made over the telephone. Plaintiff was not warned that there were alternative methods of payment available for which Defendant charged a lesser fee or required no fee at all.

45. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant each time Plaintiff made a payment as a result of Defendant's false and misleading representations.

46. Plaintiff and Class members were undoubtedly injured as a result of Defendant's abovementioned false and misleading representations that are at issue in this matter.

## CLASS ACTION ALLEGATIONS

47. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure, Rules 23(a), 23(b)(1), 23(b)(2) and 23(b)(3).

49. Plaintiff represents, and is a member of two classes, ("Class A" and "Class B").

   a. **Class A consists of**:
   "All persons similarly situated within the state of California who made payment to Defendant over the telephone and were not advised of all available payment methods and/or whether fees were charged with any methods of payment, within the four years prior to the filing of the Complaint."

   b. **Class B consists of**:
   "All persons similarly situated within the state of California who made payment to Defendant over the telephone and were charged a fee that was not authorized by law or contract, within one year prior to the filing of the Complaint."

50. Excluded from the Class are Defendant and any of its officers, directors, and employees. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

51. The "Class Period" for Class A ("Class A Period") means four years prior to the filing of the Complaint in this action. The "Class Period" for Class B ("Class B Period") means one year prior to the filing of the Complaint in this action.

52. **Ascertainability**. Plaintiff does not know the number of members in each Class, but Plaintiff currently believes that there are thousands, if not more, members of each Class within the State of California. Because of the nature of Defendant's services, Defendant must keep detailed and accurate records of payments and servicing in order to accurately and effectively execute a recall if so ordered. Therefore, the members of each Class are ascertainable through Defendant's records and/or Defendant's agents' records regarding retail and online sales, as well as through public notice. This matter should therefore be certified as a Class Action to assist in the expeditious litigation of this matter.

53. **Numerosity**. The numerosity requirement of Fed. R. Civ. P. Rule 23(a)(1) is satisfied for each aforementioned Class because the members of each Class are so numerous and geographically disbursed that joinder of each Class members is impractical, and the disposition of their claims in a Class Action will provide substantial benefits both to the parties and to the court.

54. **Existence and Predominance of Common Questions of Law and Fact.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. Common questions of fact and law exist in this matter that predominate over questions that may affect individual Class members. All members of each aforementioned Class have been subject to the same conduct and their claims are based on the standardized business practices of Defendant. The common legal and factual questions include, but are not limited to, the following:

   a. Whether Defendant committed the wrongful conduct alleged herein;

    b. Whether Defendant's acts, transactions, or course of conduct constitute the violations of law alleged herein;

    c. Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to Plaintiff and members of the Class;

    d. Whether Defendant charged members of the Class for amount that were not permitted by law or contract in violation of the RFDCPA.

    e. Whether the members of the Class sustained and/or continue to sustain damages attributable to Defendant's conduct, and, if so, the proper measure and appropriate formula to be applied in determining such damages; and

    f. Whether the members of the Class are entitled to injunctive and/or any other equitable relief

55. **Typicality**. As a person who was wrongfully charged an unnecessary fee by Defendant or its representatives, Plaintiff is asserting claims that are typical of the Class. Plaintiff's claims involve the same violations of law by Defendant as other Class members' claims. Plaintiff and members of the Class also sustained damages arising out of Defendant's common course of conduct complained herein. Accordingly, Plaintiff satisfies the "typicality" requirement of Fed. R. Civ. P., Rule 23(a)(3) with respect to the Class.

56. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of other members of the Class in that Plaintiff has no interests antagonistic to any member of the Class. Further, Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the consumer laws, and specifically violations of the California Business and Professions Code. Thus, Fed. R. Civ. P., Rule 23(a)(4) is satisfied.

57. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and court system and the issues raised by this action. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable.

58. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to engage in unlawful and misleading business practices, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

59. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate

to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

# COUNT I

## VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
## CAL. CIV. CODE SECTION 1750, ET SEQ. (CLRA)

60. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. California Civil Code Section 1750 et seq., entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:
> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

62. Defendant's products constitute "services" as defined pursuant to Civil Code Section 1761(b).

63. Plaintiff, and the Class members, are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

64. Each of Plaintiff's and the Class members' purchases of Defendant's products constituted a "transaction" as defined pursuant to Civil Code Section 1761(e).

65. Civil Code Section 1770(a)(14) provides that:
> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
> (14) Representing that a transaction confers or involves rights, remedies, or obligations which it does not have or involve . . . .

66. Defendant violated Civil Code Section 1770(a)(14) by representing that payments made over the telephone with its representatives required a fee when they did not.

67. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

68. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false and misleading representations that payments made over the telephone required a fee.

69. As a direct and proximate result of Defendant's violations of the CLRA, Plaintiff and members of the Class are entitled to a declaration that Defendant violated the Consumer Legal Remedies Act.

70. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

## COUNT II

### VIOLATION OF BUSINESS & PROFESSIONS CODE
### BUS. & PROF. CODE, SECTION 17200, ET SEQ.

71. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

72. Plaintiff and Defendants are each "person[s]" as defined by Bus. & Prof. Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

73. "Unfair competition" is defined by Bus. and Prof. Code Section 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in Section

17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

74. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices prohibited by Bus. & Prof. Code §§ 17200 et seq.

### A. "Unlawful" Prong

75. Beginning at a date currently unknown through the time of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200 et seq. by unlawfully charging consumers an unnecessary fee and failing to disclose other available payment options, including any fees associated with those options, as alleged above, in violation of California's CLRA, Civil Code §§ 1750, et seq., and California's RFDCPA, Civil Code § 1788 et seq.

### B. "Unfair" Prong

76. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant has committed acts of unfair competition that are prohibited by Bus. & Prof. Code section 17200 et seq. Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the statutes by engaging conduct and practices that threaten an incipient violation of law/s or violate the policy or spirit of law/s by misleading consumers into paying an unnecessary fee and deceiving them as to the reason for that fee, in violation of California's CLRA, Civil Code § 1750, et seq and California's RFDCPA, Civil Code § 1788 et seq.

77. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices that are immoral, unethical, oppressive or

unscrupulous, the utility of such conduct, if any, being far outweighed by the harm done to consumers and against public policy by misleading consumers into paying an unnecessary fee and deceiving them as to the reason for that fee, in violation of California's CLRA, Civil Code § 1750, et seq. and/or California's RFDCPA, Civil Code § 1788 et seq.

78. Alternatively, Defendant engaged in a pattern of "unfair" business practices that violate the wording and intent of the abovementioned statute/s by engaging in practices, including misleading consumers into paying an unnecessary fee and deceiving them as to the reason for that fee, wherein: (1) the injury to the consumer was substantial; (2) the injury was not outweighed by any countervailing benefits to consumers or competition; and (3) the injury was not of the kind that consumers themselves could not have reasonably avoided.

### C. "Fraudulent" Prong

79. Beginning at a date currently unknown and continuing up through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, prohibited and in violation of Bus. & Prof. Code § 17200 et seq., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code § 17200 et seq, by misleading consumers into paying an unnecessary fee and deceiving them as to the reason for that fee.

80. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

### D. "Unfair, Deceptive, Untrue or Misleading Advertising" Prong

81. Defendant's advertising is unfair, deceptive, untrue or misleading in that consumers are led to believe that Defendant's "expedited" processing fee is

required in order to make a payment over the telephone when it is not required. Defendant also failed to adequately explain the payment methods available and any fees that are associated with those methods.

82. Plaintiff, a reasonable consumer, and the public would likely be, and, in fact were, deceived and mislead by Defendant's advertising as they would, and did, interpret the representation in accord with its ordinary usage, that the fee was required to make a payment over the telephone with Defendant's representative.

83. Defendant's unlawful, unfair, and fraudulent business practices and unfair, deceptive, untrue or misleading advertising presents a continuing threat to the public in that Defendant continues to engage in unlawful conduct resulting in harm to consumers.

84. Defendant engaged in these unlawful, unfair, and fraudulent business practices motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Plaintiff and all others similarly situated; thereby unjustly enriching Defendant.

85. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute a violation of Business & Professions Code section 17200 et seq. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

86. As a direct and proximate result of the aforementioned acts and representations described above and herein, Defendant received and continues to receive unearned commercial benefits at the expense of their competitors and the public.

87. As a direct and proximate result of Defendant's unlawful, unfair and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers,

including Plaintiff, who unwittingly provided money to Defendant based on Defendant's fraudulent representations.

88. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on the Defendant's Products.

89. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks the recovery of attorneys' fees, which is available to a prevailing plaintiff in class action cases such as this matter.

## COUNT III

### VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

90. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

91. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

92. Defendant's failure to inform the Plaintiff of the available methods of payment and that the fee charged by Defendant was not in fact required to make a payment over the telephone is likely to deceive the least sophisticated consumer.

93. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

//
//
//
//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

- That the Court determine that this action may be maintained as a Class Action by certifying this case as a Class Action;
- That the Court certify Plaintiff to serve as the Class representative for both classes in this matter;
- That Plaintiff's counsel be appointed as Class Counsel
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;

## COUNT I

### VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### CAL. CIV. CODE SECTION 1750, ET SEQ.

- That Defendant be enjoined from continuing the wrongful conduct alleged herein pursuant to Cal. Civ. Code § 1782(d) and required to comply with all applicable laws;
- That Plaintiff and each of the other members of the Class recover their costs of suit, including reasonable attorneys' fees and expenses as provided by law
- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper;

## COUNT II

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE
### BUS. & PROF. CODE, SECTION 17200, ET SEQ.

- That Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched, plus actual damages, punitive damages, and statutory damages;

- That Defendant be enjoined from continuing the wrongful conduct alleged herein and required to comply with all applicable laws;
- That Plaintiff and each of the other members of the class recover their costs of suit, including reasonable attorneys' fees and expenses pursuant to California Code of Civil Procedure § 1021.5;
- That Plaintiff and the members of the Class be granted any other relief the Court may deem just and proper;

### COUNT III

### VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32 (RFDCPA)

- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code §1788.30(b) against Defendant;
- An award of actual damages in an amount to be determined at trial pursuant to Cal. Civ. Code § 1788.30(a) against Defendant;
- An award of cost of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief the Court may deem just and proper.

### TRIAL BY JURY

94. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled, and demands, a trial by jury.

Dated: October 2, 2017                     Respectfully submitted,

                                           **KAZEROUNI LAW GROUP, APC**


                                           By: _s/ Abbas Kazerounian_
                                                ABBAS KAZEROUNIAN, ESQ.
                                                MONA AMINI, ESQ.
                                                ATTORNEYS FOR PLAINTIFF